UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL J. TUTUNGIAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>MASSACHUSETTS ELECTRIC CO.,<br><br>  Defendant. | Civil Action No.<br>24-10228-FDS |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR REMAND

**SAYLOR, C.J.**

Plaintiff Daniel Tutungian filed a civil action in the Superior Court of Massachusetts on December 1, 2023. On January 29, 2024, defendant Massachusetts Electric Company ("MEC") removed the action to this Court on the basis of ERISA preemption. Plaintiff has moved to remand the action to state court.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The burden of establishing federal jurisdiction is placed upon the party seeking to invoke it. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Defendant contends that this Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because plaintiffs' claims are completely preempted by ERISA, and are therefore in reality federal claims. "When [a] federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if

pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see also Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) ("Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded.").

ERISA was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The statutory scheme "provide[s] a uniform regulatory regime over employee benefit plans. To [that] end, ERISA includes expansive preemption provisions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). "ERISA will be found to preempt state-law claims if the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims." *Harris v. Harvard Pilgrim Health Care, Inc.*, 208 F.3d 274, 281 (1st Cir. 2000).

There are two forms of ERISA preemption. The first is complete preemption under § 502(a)(1)(B). The Supreme Court has stated that "if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Complete preemption is an exception to the well-pleaded complaint rule. *Coon-Retelle v. Verizon New England Inc.*, 2017 WL 1234115, at *5 (D. Mass. Mar. 10, 2017) (citing *Rogers v. Rogers & Partners, Architects, Inc.*, 2009 WL 5124652, at *5

(D. Mass. July 27, 2009) ).  The court must therefore look to the substance of the claim, not its mere form, in making that determination.

The second form is conflict preemption under § 514(a).  Under § 514, ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  Although conflict preemption is an affirmative defense, "raising a colorable ERISA § 514 preemption defense is no basis for federal jurisdiction."  *Danca*, 185 F.3d at 4-5.  A state law that does not refer to an ERISA plan is nevertheless preempted if it has a "connection with" an ERISA plan.  *Cal. Division of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 325 (1997); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (stating that ERISA's broad preemption clause applies provided a state claim "relate[s] to" an ERISA plan).

In *Davila*, the Supreme Court established a two-part test to determine whether complete preemption applies.  First, the court must determine whether a plaintiff "could have brought his claim under ERISA § 502(a)(1)(B)."  *Davila*, 520 U.S. at 210.  Second, there must have been "no other independent legal duty that is implicated by [the] defendant's actions."  *Id.*

Here, plaintiffs' claims fail both parts of the *Davila* test—(1) the claims could have been brought under ERISA Section 502(a), and (2) there is no independent legal duty.  As defendant explains, "Plaintiff's complaint is that MEC deprived him of benefits—i.e., supplemental life insurance coverage—that he was entitled to under the ERISA plan by cancelling his Supplemental Life policy.  This claim clearly fits within the scope of claims that may be brought under Section 502(a)(1)(B) 'to enforce' the rights of Plaintiff, a plan participant, 'under the terms of the plan, or to clarify [his] rights to future benefits under the terms of the plan.'"  (ECF No. 13, 17-18) (citing 29 U.S.C. § 1132(a)(1)(B)).  In addition, "because Plaintiff protests MEC's

alleged cancellation of his Supplemental Life insurance coverage and is seeking the restoration of his alleged right to maintain such coverage, his remedies are limited to those provided by ERISA's specific remedial scheme." (*Id.* at 18) (internal punctuation omitted).

Finally, plaintiff contends that "the 'Optional Life Insurance Policy' is not an ERISA-governed benefit because it falls under the 'Voluntary Plan Safe Harbor Exemption.'" (ECF No. 6, 6); *see also* 29 C.F.R. § 2510.3-1(j).

Section 2510.3-1(j) provides that the definition of "employee welfare benefit plan" under § 1003(a) does not include "a group or group-type insurance program offered by an insurer to employees," under which (1) "[n]o contributions are made by an employer," (2) "[p]articipation [in] the program is completely voluntary for employees," (3) "[t]he sole functions of the employer . . . with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer," and (4) "[t]he employer . . . receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs."

The Safe Harbor Exemption, however, does not apply in this action. It is undisputed that defendant "treated the Basic Life, Supplemental Life, and other MetLife policy coverages . . . as a unit." (ECF No. 13, 11). All of the coverages, for example, "including Basic Life and Supplemental Life, are identified by a single group plan number, and all are described in a single Certificate of Insurance that is distributed to eligible employees." (*Id.*). *See Gross v. Sun Life Assur. Co. of Canada*, 734 F.3d 1, *8 (1st Cir. 2013) (treating a package of insurance benefits as a "unitary ERISA program" where all policies were identified "by a single group number" and

4

referred to in a single "Group Benefit Summary" document).  As the First Circuit has explained, it is "both impractical and illogical to segment insurance benefits that are treated as a single group and managed together, potentially placing some under ERISA and some outside the statute's scope."  *Gross*, 734 F.3 at *8.

Accordingly, because ERISA completely preempts the claims in Count 4 of the complaint and the Safe Harbor Exception does not apply, this Court has subject-matter jurisdiction over this dispute.  Plaintiff's motion to remand is DENIED.

**So Ordered.**

Dated:  April 9, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court