UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL J. TUTUNGIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 24-10228-FDS |
| | ) | |
| MASSACHUSETTS ELECTRIC CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S
SECOND MOTION FOR REMAND

SAYLOR, C.J.

Plaintiff Daniel Tutungian filed a civil action in the Superior Court of Massachusetts on December 1, 2023.  On January 29, 2024, defendant Massachusetts Electric Company ("MEC") removed the action to this Court on the basis of ERISA preemption.  Plaintiff subsequently moved to remand the action to state court.  On April 9, 2024, the Court found that remand was inappropriate because plaintiff's claims in Count 4 of the Complaint were completely preempted by ERISA.  Accordingly, the Court held that it had federal-question jurisdiction over the dispute pursuant to 28 U.S.C. § 1331.

On April 10, 2024, plaintiff filed a motion to amend his complaint, which the court granted on April 22, 2024.  Plaintiff filed an amended complaint on April 23, 2024.  According to the plaintiff, the amended complaint "eliminate[d] the mistaken charge of Count IV" in its entirety.  (ECF No. 26, 3).  Plaintiff has now moved for the second time to remand the action to state court "due to the lack of subject matter jurisdiction with the amendment and removal of

Count IV." (*Id.*). Defendant contends that the court should "exercise its broad discretion" to deny plaintiff's motion and retain jurisdiction over the case. (ECF No. 30, 3).

It is well-established that "[i]n a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256-57 (1st Cir. 1996). *See also Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012) ("Once a case is properly before a federal district court . . . that court has broad authority to retain jurisdiction over pendant state law claims even if the federal claim is later dismissed.").

In *Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16 (1st Cir. 2004), for example, defendants removed an action to federal court based on the fact that the complaint alleged both state-law claims as well as one count for violation of the federal Racketeering Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq*. *Grispino*, 358 F.3d at 18. Once the case was removed, plaintiffs "amended their complaint to withdraw the sole federal claim" and filed a motion to remand the case to state court. *Id.* The district court denied that motion. *Id.* On appeal to the First Circuit, plaintiffs "argue[d] that the district court should have granted some form of a remand order because there was no federal subject matter jurisdiction once they amended the complaint to delete the federal RICO claim." *Id.* at 19. The First Circuit rejected plaintiffs' argument as "wrong." *Id.* Instead, the *Grispino* court held that "the dismissal of the only federal claim after removal of an action to federal court does not by itself deprive the federal court of jurisdiction over the remaining state claims." *Id.* The court further explained that a district court "*may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the

district court has dismissed all claims over which is has original jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)).

Other circuits have reached similar conclusions. *See, e.g.*, *Coefield v. GPU*, 125 F. App'x 445, 448 n.3 (3d Cir. 2005) (noting that the "District Court had the discretion to retain or remand the remaining state law claims" after plaintiff amended his complaint "purging it of all claims implicating federal law"); *Savage v. W. Virginia Dep't of Health & Hum. Res.*, 523 F. App'x 249, 250 (4th Cir. 2013) (holding that the "district court had wide latitude in determining whether or not to retain jurisdiction over the state claims" after plaintiff "abandoned his federal claims in his amended complaint"); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210-211 (6th Cir. 2004) (explaining that "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal" and that "because the district court's jurisdiction originally was premised on a federal claim and that claim subsequently was dismissed, remand to the state court was a matter of discretion"); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (finding that "[t]he court had discretion to retain jurisdiction over the state law claims even after [plaintiff] amended the complaint to remove any federal cause of action.").[1]

In determining whether to retain jurisdiction, courts must exercise their broad discretion in an "informed" manner. *Roche*, 81 F.3d at 257. They "must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Id*. "The preferred approach is

---

[1] The Eighth Circuit, however, has departed from the majority rule, holding that "amending a complaint to eliminate the only federal questions destroys subject-matter jurisdiction." *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 920 (8th Cir. 2023), *cert. granted*, 2024 WL 1839095 (Apr. 29, 2024). The Supreme Court recently granted a writ of certiorari in that matter, presumably to resolve the conflict in the circuits. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 2024 WL 1839095 (Apr. 29, 2024). This Court, however, is bound to follow the law of the First Circuit.

3

pragmatic and case-specific." *Id.* In other words, "each case must be gauged on its own facts." *Id.*[2]

Here, the circumstances weigh in favor of remanding the action to state court. First, the action is in its earliest stages. The parties have not yet expended resources and attention on discovery, no motions have been filed (except for those concerning the amendment of the complaint and remand), and no trial date has been set. It is thus still convenient and efficient at this juncture to remand the action to state court.

Second, it does not appear that the remaining claims implicate ERISA, or that federal law continues to permeate the amended complaint such that the remaining claims cannot be adjudicated without consideration of federal law. Indeed, even defendant notes that the remaining claims are "run-of-the mill employment law claims," including "alleged discrimination, interference with rights, retaliation, and harassment in connection with an employee's taking of protected leave." (ECF No. 30, 6).

Third, plaintiff is proceeding *pro se* and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). Plaintiff represents to the court that it came to his attention only "recently" that defendant MEC "was not the entity that cancelled his optional life insurance policy." (ECF No. 26, 3).

Accordingly, and for the foregoing reasons, plaintiff's motion to remand is GRANTED.

---

[2] While the inquiry into whether to retain jurisdiction is generally open-ended, the First Circuit has held that it can "be an abuse of discretion—if no federal claim remains—for a district court to retain jurisdiction over a pendent state law claim when that state law claim presents a substantial question of state law that is better addressed by the state courts." *Wilber v. Curtis*, 872 F.3d 15 (1st Cir. 2017).

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  May 6, 2024                                    Chief Judge, United States District Court